UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER: 26-211 |
| OMAR ADHAMI | * | SECT. P (3) |

* * * * * * * * * * * *

**EMERGENCY MOTION AND INCORPORATED MEMORANDUM TO REVOKE THE STAY OF OMAR ADHAMI'S RELEASE**

NOW COMES the Defendant, Omar Adhami, through undersigned counsel, and files this *Emergency Motion and Incorporated Memorandum to Revoke the Stay of Omar Adhami's Release*. Omar Adhami hereby adopts the legal arguments asserted by his co-defendant Abdel Adhami in R. Doc. 50, specifically that the stay should be revoked because the Government has failed to address the relevant stay factors in its Motion. Omar Adhami further notes that, as with his co-defendant, U.S. Probation has recommended his release from detention based on its own independent investigation of the situation. There has been no showing of any risk of danger to the community, and the Magistrate appropriately found that any risk of flight was adequately addressed through conditions, among them surrender of passports, electronic monitoring, and a third-party custodian. The Government has failed to justify a continued stay of that release order.

As shown during the detention hearing, Omar Adhami is a U.S. citizen and business owner. Prior to his arrest, he lived in Covington with his wife and two young children. He has no criminal record. His wife is pregnant with their third child. His aunt, with whom he has a close relationship, has volunteered to move to Louisiana from Ohio to live with Omar and serve as his third-party custodian. She testified that she would take her obligation to the Court seriously and report any violations of conditions if they occurred. Furthermore, Mr. Adhami has

surrendered his two passports, one from the U.S. and one from Jordan, and there has been no showing that he would be able to leave the country without them.[1] Indeed, as shown in the Government's exhibit regarding his jail calls, Mr. Adhami acknowledged to his family that he could not travel if his U.S. passport were surrendered. R. Doc. 48-2 at p. 3. Yet, the family members voluntarily brought both passports to court and surrendered them to counsel before the Government raised any issues regarding the fact that they had not been seized. In other words, Mr. Adhami and his family voluntarily surrendered what they perceived to be his only means of fleeing, ie. his passports, without any prompting from the Government. Although the Government raises the specter of flight using fake passports, etc., there has been no evidence that that is a well-grounded fear in this case, and the above sequence of events shows the opposite to be true, ie. that Mr. Adhami intends to abide by the conditions of release.

As for the issues regarding finances, the jail calls reveal a man desperate to figure out some way to keep his family from being thrown out on the street after the U.S. Government seized all his domestic bank accounts, closed and seized the inventory of his business, and confiscated his cars and other assets. Among other desperate measures, he tells his wife to sell most of their furniture and cancel the lease on their house. R. Doc. 48-2 at p. 2. Furthermore, Mr. Adhami voluntarily disclosed to Judge Roby during his initial appearance that he had a foreign bank account which was jointly accessed by his brother-in-law, with whom he was trying to open another store. So, Mr. Adhami wasn't trying to hide this account from anyone, and he further disclosed that he wasn't sure how much money was in the account because his brother-in-law was withdrawing some of the money to buy inventory. And as was acknowledged by the

---

[1] These passports are currently in possession of undersigned counsel, who has attempted to surrender them to U.S. Probation on two occasions. On the first, counsel was told that probation could not take them until a release order with conditions was signed. On the second, no supervisor was available to address the issue. Counsel has reached out to U.S. Probation on this issue and will surrender the passports when advised that Probation will accept them.

FBI translator who created the summaries of the jail calls, it is Mr. Adhami's wife who owns an apartment in Jordan, because unlike Mr. Adhami, she is a Jordanian citizen who is allowed to own property there. Moreover, the context for the phone calls regarding the house show that various family members were considering selling various properties one or the other of them owned just to try to hire attorneys and to pay for living expenses given their current situation.

As argued in the Emergency Motion to Revoke filed by Omar Adhami's co-defendant, the Government has not met its burden of justifying a continued stay of the release order the Magistrate issued in this case. Accordingly, Omar Adhami joins in and adopts his co-defendant's request that the Court revoke the order granting an extension of the stay of his release from U.S. Marshal's custody, or in the alternative set an expedited hearing on the issue of a stay.

Respectfully submitted this 19th day of October 2026.

Respectfully submitted,

/s/ Stephen J. Haedicke
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Office of Stephen J. Haedicke, LLC
1040 Saint Ferdinand St.
New Orleans, LA 70117
(504)291-6990 Telephone
(504)291-6998 Fax
Stephen@haedickelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I filed the foregoing with the Court's electronic case filing system, which will send notice to all counsel of record.

/s/ Stephen J. Haedicke